UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID JOHN MCGUIGAN,

    Petitioner,

v.                                                    Case No. 8:09-cv-254-T-24-TBM;
                                                                   8:07-cr-00083-T-24-TBM-1

UNITED STATES OF AMERICA, et al.,

    Respondent.
_____/

## ORDER

This cause comes before the Court on Petitioner David John McGuigan's 1) motion to recuse Assistant United States Attorney Jay G. Trezevant from this case due to conflicts of interest (Doc. 6); 2) motion to dismiss this case with prejudice due to Jay G. Trezevant's conflicts of interest (Doc. 8); 3) motion to dismiss this case and for immediate release of Petitioner from prison due to forfeiture (Doc. 9); and 4) motion for Jay G. Trezevant to send court-filings to Petitioner.

## BACKGROUND

On April 11, 2007, Petitioner pled guilty to a violation of 18 U.S.C. § 371, conspiracy to commit wire fraud. (*United States v. McGuigan*, Case No. 8:07-cr-00083-T-24-TBM, Doc. 3.) On November 30, 2007, he was sentenced to 41 months of imprisonment. On December 8, 2008, Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (*McGuigan v. United States*, Case No. 8:08-cv-2430-T-24-TBM.) However, because Petitioner's filings demonstrated that he sought to vacate, set aside, or correct his sentence, rather than merely challenge the manner in which the sentence was executed, and because Petitioner requested the

conversion, the § 2241 petition was closed and Petitioner filed the present § 2255 petition. (*See* 8:08-cv-2430-T-24-TBM, Doc. 43, for further details regarding the transfer of Petitioner's claims to the present case.) After the § 2255 petition was opened, Petitioner filed numerous motions demanding that the case be dismissed, demanding his release, and demanding the recusal of Jay G. Trezevant, who represents the United States in this matter. This order addresses each of those motions.

## **DISCUSSION**

### I. Petitioner's Motion to Recuse Jay G. Trezevant for Conflicts of Interest (Doc. 6)

Petitioner moves for the recusal of Jay G. Trezevant, the attorney representing the United States in this matter. Petitioner claims that two facts serve as grounds for his recusal. First, Mr. Trezevant was a defendant in Petitioner's 28 U.S.C. § 2241 petition (8:08-cv-2430-T-24-TBM), and second, Petitioner filed a Florida Bar complaint against Mr. Trezevant.

In his § 2241 petition, Petitioner sued Warden Mary Mitchell, Assistant United States Attorneys Jay Trezevant, Rachelle DesVaux Bedke, and Michael E. Runyon, and named and unnamed Federal and State Agents. However, Petitioner informed the court that he wished to proceed pursuant to § 2255, rather than to § 2241, and filed an amended petition thereunder, opening the present case. The Respondent in this case is the United States of America. Jay Trezevant is the attorney representing the United States. He is not a party to the case. The following are neither parties to nor counsel in this case and, therefore, any issues raised as to them are disregarded by this Court: Jay Gilchrist, Rachelle DesVaux Bedke, and named and unnamed Federal and State Agents. As Mr. Trezevant is not a party to this case, his

2

representation of the United States poses no conflict of interest on that basis.

Next, Petitioner states that Petitioner's Florida Bar claim against Mr. Trezevant warrants his recusal. The Court has found no case standing for the proposition that a party's Bar complaint against an attorney for the opposing party would constitute as a conflict of interest requiring recusal of that attorney. Nor does the Court see, upon review of the record, how Mr. Trezevant's posture as Respondent to Petitioner's Bar complaint would create an interest conflicting with Mr. Trezevant's representation of the Respondent to Petitioner's claims here. Additionally, it is important to note that Petitioner himself instigated the present suit against the party represented by Mr. Trezevant, the United States. Further, the Court notes that, from a policy standpoint, the result requested by Petitioner would be undesirable and would encourage litigants to stall and obstruct litigation, drive up litigation costs, and clog up judicial dockets by filing Bar grievances against opposing parties' counsel of choice, in order to block the attorneys' representation.

Because the relief Petitioner requests is legally unsupported, the Court DENIES his motion for the recusal of Mr. Trezevant.

II. <u>Petitioner's Motion to Dismiss this Case with Prejudice Due to Jay G. Trezevant's Conflicts of Interest (Doc. 8)</u>

Petitioner moves to dismiss this case. This case is Petitioner's § 2255 petition and thus the Court believes that Petitioner means to seek relief from the criminal penalties imposed upon him. The Court therefore addresses the relief he seeks and construes this motion as one demanding his release from prison based on Mr. Trezevant's alleged conflicts of interest. Neither this, nor any other, court has found Mr. Trezevant to have any conflict of interest in the

present case. However, even if the attorney representing the United States in Petitioner's collateral attack did have a conflict of interest, the remedy would not be the release of Petitioner from prison. Petitioner pled guilty to and was sentenced for the violation of a criminal statute. Accordingly, Petitioner's motion for immediate release on this ground is DENIED.

### III. Petitioner's Motion to Dismiss the Case and for Release Based on the Government's Tardiness in Filing a Response to Petitioner's § 2255 Petition
(Doc. 9)

Petitioner claims that, although he pled guilty to and was sentenced for a crime, he is entitled to immediate release from prison if the Government fails to file a timely response to Petitioner's § 2255 petition. This claim is meritless. First, the Government timely filed a response in the form of a motion to dismiss, and, second, lateness in filing a response is not grounds for Petitioner's release from imprisonment. For this reason, the Court DENIES his motion for immediate release.

### IV. Petitioner's Motion for Jay G. Trezevant to Send Petitioner a Copy of all Government Filings in the Case
(Doc. 10)

Petitioner moves the Court to order Jay G. Trezevant to send Petitioner copies of all of the Government's filings. Petitioner claims that, as of six days after the Government's filing of its motion to dismiss (Doc. 7), Petitioner had not received a copy of the motion. As the motion referred to by Petitioner includes a certificate of service avowing that Mr. Trezevant sent to Petitioner a copy of the motion on the date the document was filed, the Court DENIES this motion as moot. Further, Petitioner has filed a response to the Government's motion to dismiss and so has obviously received the motion.

## CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED that Petitioner's motions (Docs. 6, 8, 9, & 10) are **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of April, 2009.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of record
Pro se petitioner